# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30175
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2017

Lyle W. Cayce
Clerk

TABBATHA JOHNSON,

Plaintiff–Appellant,

v.

EAST BATON ROUGE FEDERATION OF TEACHERS,

Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-00423

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff Tabbatha Johnson's fraud and breach of duty of fair representation claims were dismissed by the district court for failure to state a claim. Because Johnson's complaint failed to allege sufficient facts, and because none of the new arguments or factual allegations Johnson raises on appeal reveals a plain error in the district court's determination, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30175

## I.

In 2008, Johnson began working for the East Baton Rouge Parish School System as a teaching paraprofessional. In 2015, after she reported that a number of students' individualized education program files had gone missing, the School System proposed Johnson's termination. A meeting was held, at which the president of defendant East Baton Rouge Federation of Teachers (the Union) discussed with the School System's representatives the possibility of transferring Johnson rather than terminating her. Nevertheless, the School System ultimately terminated Johnson.

Thereafter, Johnson filed a complaint with the Equal Employment Opportunity Commission against the Union in which she alleged retaliation in violation of Title VII of the 1964 Civil Rights Act. 42 U.S.C. § 2000e *et seq*. The Commission issued Johnson a notice of her right to sue, and Johnson filed a complaint *pro se* in the United States District Court for the Middle District of Louisiana. In her district court complaint, Johnson raised causes of action against the Union for "failure to provide union representation" and "fraud." The entirety of her description of her claim read: "Defendant failed to provide representation. Sought to prevent the [plaintiff] from seeking whistleblower protection in a timely manner. Defendant committed a fraud."

On November 15, 2016, the Union filed a motion to dismiss for failure to state a claim. Johnson never filed a response to the Union's motion. The motion was granted and the case dismissed without prejudice on January 23, 2017, and the district court stated: "If no response to this *Ruling* is filed within fourteen (14) days, this dismissal is converted to a dismissal with prejudice." Johnson did not file a response to the ruling, and the dismissal was converted to a dismissal with prejudice. Then, on March 2, 2017, Johnson appealed from

No. 17-30175

the district court's final judgment against her, and in her notice attempted to supply additional arguments and factual allegations to support her claims.

## II.

We review a district court's decision to dismiss for failure to state a claim *de novo*. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). We review arguments raised for the first time on appeal solely for plain error. *Tilmon v. Prator*, 368 F.3d 521, 524 (5th Cir. 2004).

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff is nevertheless required to provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.*

To satisfy this requirement, a complaint must "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We undertake a two-step analysis to determine whether a complaint has met this requirement. *Id.* First, we identify any allegations in the complaint that are conclusory, as these will not be afforded a presumption of truth. *Id.* Second, we analyze the remaining factual allegations to determine if, when presumed true, they add up to a violation of the law. *Id.*

Any new arguments will be reviewed only for plain error on appeal. *See McGarity v. Apfel*, 172 F.3d 870 (5th Cir. 1999) (unpublished); *see also Crawford v. Falcon Drilling Co.*, 131 F.3d 1120 (5th Cir. 1997) (explaining that a court "review[s] unpreserved error in a civil case using the plain-error

standard of review"). The plain-error standard of review requires that we evaluate: "(1) if there was error, (2) if that error was plain, (3) if the error affects substantial rights, and (4) whether allowing that error to stand seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Crawford*, 131 F.3d at 1124.

## III.

In its motion to dismiss in the district court, the Union argued that it was not the exclusive bargaining representative of Johnson and therefore could not have owed a duty of fair representation to her. Moreover, the Union points out that even though some greater degree of leniency should be afforded a party proceeding *pro se*, *pro se* complaints are still required to comply with Rule 8(a)(2). *See, e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). The Union contends that Johnson's complaint failed to meet this requirement not only because it did not meet *Iqbal* and *Twombly*'s plausibility standard, but also because it was "virtually incomprehensible and full of legal conclusions." The district court agreed with the Union, and so do we.

The Supreme Court has explained that as the exclusive bargaining agent, a union has "a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). "The critical question is whether a union's conduct was arbitrary, discriminatory, or in bad faith, so that it undermined the fairness or integrity of the grievance process." *Landry v. The Cooper/T. Smith Stevedoring Co.*, 880 F.2d 846, 852 (5th Cir. 1989). Thus, in order to state a claim for breach of duty of fair representation, a complainant must allege enough facts that if presumed true, permit the inference that the complainant's exclusive bargaining agent acted arbitrarily, discriminatorily,

or in bad faith in its representation of the complainant. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Vaca*, 386 U.S. at 177.

Johnson's complaint alleges only that the Union "failed to provide representation," "[s]ought to prevent the defendant from seeking whistleblower protection in a timely manner," and "committed a fraud." As nothing more than bare allegations, these statements are insufficient to survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678 (explaining that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Johnson did include in her notice of appeal additional factual allegations in an attempt to substantiate her claims or permit the necessary inferences. Because these additional allegations were not raised before final judgment was entered by the district court, they are evaluated under the plain-error standard of review. *Apfel*, 172 F.3d at 870. That is, these allegations must reveal a plain error in the district court's determination that affects Johnson's substantial rights in such a way as to undermine the "fairness, integrity, or public reputation of judicial proceedings." *Crawford*, 131 F.3d at 1124. We conclude that nothing in the additional arguments or allegations Johnson raises on appeal reveals any such error.

No. 17-30175

## IV.

Because Johnson's complaint failed to allege facts sufficient to state claims for fraud or breach of duty of fair representation, and because nothing that Johnson raises on appeal reveals a plain error in the district court's determination, we AFFIRM. [1]

Judge King concurs in the judgment.

---

[1]    The Union's brief to this court states that one of the issues on appeal is whether Johnson had notice of the Union's motion to dismiss. This issue is not raised by Johnson in her brief. She does mention in her notice of appeal that she "did not receive the request to submit a memorandum in opposition." This is not equivalent to stating that she did not receive notice of the Union's motion or the court's order. In any event, the additional arguments and allegations she raises for the first time on appeal are insufficient to overcome the Union's Rule 12(b)(6) motion to dismiss. Accordingly, the district court did not err in converting the order granting the motion to dismiss into a dismissal with prejudice.