# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2023

Lyle W. Cayce
Clerk

No. 21-20349

Emily Elson; Stacy Haavisto; Loretta Oakes;
Michelle Lanum; Tilly Dorenkamp; Dina Salas;
Arlene Rodriguez; Sharon Dalton; Allyson McCarthy;
Sheila Smith; Kelli Frederick; Joey Campbell;
Carol Richter; Brooke Neufeld,

*Plaintiffs—Appellants*,

*versus*

Ashley Black, an individual;
Ashley Diana Black International Holdings, L.L.C.,
a Delaware Corporation; ADB Interests, L.L.C.,
a Texas Corporation; Ashley Black Company; ADB
Innovations, L.L.C.; Ashley Black Guru; Ashely Black
Fasciology, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2125

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Edith H. Jones, *Circuit Judge*:

Plaintiffs sued on behalf of themselves and putative class members to redress consumer protection fraud claims and breach of warranty claims

No. 21-20349

under the laws of multiple states.  We find that the district court correctly struck Plaintiffs' class allegations and properly dismissed all but two of their claims.  We thus AFFIRM in part, REVERSE in part, and REMAND this case to the district court.

## Background

Fourteen women ("Plaintiffs") from seven states brought the present putative class action against Ashley Black and her companies ("Defendants"), alleging false and deceptive marketing practices.  They take issue with various representations in Defendants' ads about a product called the FasciaBlaster, a two-foot stick with hard prongs that is registered with the Food and Drug Administration as a massager.  Purchasers are instructed to use the FasciaBlaster by pressing its prongs into their skin to achieve a wide variety of health benefits.  According to Plaintiffs, Defendants falsely advertised that the FasciaBlaster was able to "virtually eliminate cellulite," help with weight loss, and relieve pain.  Defendants also allegedly lied about the product's effects being supported by scientific studies.

Plaintiffs' complaint[1] asserted a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, claims under multiple state statutes,[2]

---

[1] This case originated as two separate lawsuits—one filed in the Superior Court of Los Angeles County, California, and one filed in the United States District Court for the Central District of California.  Those suits were consolidated in February 2018, and the case proceeded in the Central District of California.  But in September 2019, the court found that it lacked personal jurisdiction over some Defendants and transferred the case to the Southern District of Texas.

[2] California Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*; Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; Breach of Express Warranty, Cal. Com. Code §§ 2313 & 10210; Breach of Implied Warranty, Cal. Com. Code §§ 2314 & 10212; Breach of Express Warranty under the Song-Beverly Warranty Act, Cal. Civ. Code § 1791, *et seq.*; Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0903, *et seq.*; Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521, *et seq.*; Breach of Express Warranty, Ariz. Rev. Stat. §§ 47-2313 & 47-2A210; Florida Unfair & Deceptive Trade

No. 21-20349

and a claim for unjust enrichment. The complaint included class allegations for both a nationwide class and for seven subclasses representing the seven states in which Plaintiffs reside—Arizona, California, Florida, Louisiana, Nevada, New York, and Ohio.

Defendants moved to strike Plaintiffs' class allegations and to dismiss the complaint for failure to state a claim. After a hearing and some limited discovery, the district court struck the class allegations. The totality of the district court's analysis provided:

> Because the basis for the claims are misrepresentations, reliance on them will be a key factor with every potential plaintiff. Reliance is intrinsically an individual determination—what is sufficient for reliance of one person may not be the same for others. The court is not convinced that commonality is present as each potential plaintiff would have to show that their reliance was justified.

Plaintiffs sought interlocutory review of the district court's order, which a split panel of this court denied. The next day, the district court dismissed the remainder of Plaintiffs' claims in their entirety. Plaintiffs appealed the order striking the class allegations and the dismissal of individual claims.[3] We discuss each decision in turn.

---

Practices Act, Fla. Stat. § 501.201, *et seq.*; Breach of Express Warranty, Fla. Stat. §§ 672.313, 680.21; Louisiana Unfair Trade Practices & Consumer Protection Law, La. Rev. Stat. § 51:1401, *et seq.*; Breach of Warranty against Redhibitory Defects, La. Civ. Cod. art. 2520; Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, *et seq.*; Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01, *et seq.*; Unlawful Deceptive Acts or Practices, N.Y. Gen. Bus. Law § 349; False Advertising, N.Y. Gen. Bus. Law § 350.

[3] Many of Plaintiffs' arguments were not presented to this court on appeal and are therefore forfeited. *Rollins v. Home Depot U.S.A.*, 8 F.4th 393, 397 (5th Cir. 2021). This opinion addresses only those that have been preserved in the briefing.

No. 21-20349

## A. Class Allegations

On appeal, Plaintiffs primarily argue that the district court failed to conduct the "rigorous analysis" required by Rule 23 of the Federal Rules of Civil Procedure and, accordingly, overlooked the fact that reliance is not an element of many state statutes at issue. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 131 S. Ct. 2541, 2551 (2011) (internal quotation marks and citation omitted). This court agrees that the district court's order was inappropriately brief. But we nonetheless decline to reverse the order because its conclusion is sound.

"An order striking class allegations is functionally equivalent to an order denying class certification." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1711 n.7 (2017) (quotation marks omitted). District courts are permitted to make such determinations on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot be maintained. *See John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).[4] We review the district court's judgment for abuse of discretion. *See Funeral Consumers Alliance, Inc. v. Service Corp. Int'l*, 695 F.3d 330, 344–45 (5th Cir. 2012); *see also Baker*, 137 S. Ct. at 1711 n.7.

Plaintiffs' class pleadings were deficient as a matter of law. Rule 23(a) provides four prerequisites for a class action: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Rule 23(b)(3) then authorizes class certification where (1) "questions common to the class members predominate over questions affecting only individual members," and (2) "class resolution is superior to alternative

---

[4] *See also Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008).

methods for adjudication of the controversy." *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003). "It is the party seeking certification who bears the burden of establishing that the requirements of Rule 23 have been met." *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 253 (5th Cir. 2020) (quotation marks and citation omitted).

The district court struck the class allegations for failure to demonstrate commonality. But we look to predominance, as "Rule 23(a)(2)'s 'commonality' requirement is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class 'predominate over' other questions." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 609, 117 S. Ct. 2231, 2243 (1997); *see also Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 601–02 (5th Cir. 2006) (noting predominance is "similar" to commonality, but it "is 'far more demanding' because it 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" (quoting *Unger v. Amedisys, Inc.*, 401 F.3d 316, 320 (5th Cir. 2005)).

Plaintiffs are unable to establish predominance as a matter of law for two reasons. First, different state laws govern different Plaintiffs' claims. The district court was *required* to consider differences in state law when discerning whether a class action is the appropriate vehicle for this suit. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 750 (5th Cir. 1996). But the burden was on Plaintiffs to assure the district court that such differences in state law would not predominate over issues individual to each plaintiff in the litigation. They were thus obliged to provide "an extensive analysis of state law variations" so that the district court could "consider how those variations affect[ed] predominance." *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007) (quotation marks omitted). The district court specifically requested Plaintiffs submit a "list of the requirements of the states in question," as it noted that various states have differing requirements

regarding notice and pre-suit requirements. Plaintiffs' counsel responded that he was not "fully up on all the laws." Then, as far as we can tell from the record, he failed to follow up with the relevant information. "[I]n not presenting a sufficient choice of law analysis," Plaintiffs "failed to meet their burden of showing that common questions of law predominate." *Spence v. Glock, GmbH.*, 227 F.3d 308, 313 (5th Cir. 2000); *see also Castano*, 84 F.3d at 743 (reversing the district court's class certification because its "consideration of state law variations was inadequate" where the "surveys provided by the plaintiffs failed to discuss, in any meaningful way, how the court could deal with variations in state law").

Regardless, variations in state law here "swamp any common issues and defeat predominance." *Cole*, 484 F.3d at 724 (quoting *Castano*, 84 F.3d at 741) (internal quotation marks omitted); *see also Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d 185, 195–96 (5th Cir. 2010) (affirming denial of class certification where plaintiffs failed "to demonstrate that state law variations" did not defeat predominance). Plaintiffs candidly acknowledged this difficulty at hearing before the district court. And the thorough explanation in their brief of the different reliance requirements of the state laws implicated in this suit underscores this very point. Even if Plaintiffs had made a proper showing, then, their class allegations would still have been properly struck.

The second reason Plaintiffs cannot establish predominance is that Plaintiffs' allegations introduce numerous factual differences that in no way comprise a coherent class. For one, the named plaintiffs do not complain about the same alleged misrepresentations. Some are disgruntled because they expected the FasciaBlaster to reduce cellulite. Others are dissatisfied because they expected it to reduce their pain or address certain health concerns. And others are displeased because they expected it to help them lose weight. Discerning the truth or falsity of each representation would

require a group-by-group analysis, complicated by the fact that the members of each group are from different states. Moreover, even within these groups, the possibility of class analysis disintegrates because the members did not rely on the same alleged misrepresentations. The district court focused on this point, which is a hallmark in this court's class action jurisprudence and is relevant to predominance as much as commonality. *See Castano*, 84 F.3d at 745 ("[A] fraud class action cannot be certified when individual reliance will be an issue."); *Cole*, 484 F.3d at 727 ("[T]he economies ordinarily associated with the class action device are defeated where plaintiffs are required to bring forth individual proof of reliance" (internal quotation marks and citation omitted)); *see also McManus v. Fleetwood Enters.*, 320 F.3d 545, 550 (5th Cir. 2003); *cf. Patterson v. Mobil Oil Corp.*, 241 F.3d 417, 419 (5th Cir. 2001) ("Claims for money damages in which individual reliance is an element are poor candidates for class treatment, at best.").

As an alternative, Plaintiffs proposed seven state-specific subclasses under Rule 23(c)(5) to the extent subclasses were necessary to preserve the possibility of proceeding as a class. But that did not relieve them of their duty to show each subclass independently satisfied the Rule 23 requirements. "Subclass" is not a magic word that remedies defects of predominance. The burden is on Plaintiffs to demonstrate to the district court *how* certain proposed subclasses would alleviate existing obstacles to certification. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 420 n.15 (5th Cir. 1998); *Spence*, 227 F.3d at 313. Plaintiffs failed to make such a showing.

As a thorough examination of the complaint reveals, Plaintiffs' claims are riddled with predominance issues and are unsuitable for class treatment. Despite the brevity of the court's order, we see no reason to reverse the district court formalistically for its further elaboration on what is clear from the face of the pleadings. The district court's conclusion was sound. It therefore did not abuse its discretion in striking the class allegations.

No. 21-20349

## B. Individual Claims

After striking the class allegations, the district court dismissed Plaintiffs' individual claims.  The dismissed claims that Plaintiffs challenge on appeal fall into two categories: consumer protection law fraud claims and breach of express warranty claims.  We review the district court's judgment as to each de novo. *Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018).

### 1. Fraud Claims

As to the state consumer protection law fraud claims, the district court applied the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure and held that Plaintiffs failed to plead "fraud with particular facts of time, place, and content."  Plaintiffs challenge this holding in two ways. *First*, they contend that Rule 9(b) does not apply to claims under the New York statutes they invoke.  *Second*, they argue that the district court "imposed specificity requirements substantially greater than contemplated" by the rule.

As to Plaintiffs' first argument, the lone New York Plaintiff seeks relief under New York General Business Law §§ 349 and 350.  The Second Circuit has held that Section 349 "is not subject to the pleading-with-particularity requirements of Rule 9(b)" because Section 349 does not require "proof of the same essential elements (such as reliance) as common-law fraud." *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005).  Plaintiffs invite us to adopt this holding and extend it to Section 350 claims.

The fact that Sections 349 and 350 are not traditional fraud statutes does not necessarily mean that Rule 9(b) does not apply.  "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368–69 (5th Cir. 2001); *see also Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 360–61 (5th Cir. 2017).  "Where averments of fraud are made in a claim in

8

which fraud is not an element," a court must "disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated." *Lone Star Ladies*, 238 F.3d at 368. The application of Rule 9(b) is thus fatal when a claim is premised entirely upon a course of fraudulent conduct that is not sufficiently pled. *Id.* (citing *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994)); *Bynane*, 866 F.3d at 360–61.[5]

Plaintiffs' claims here rely entirely on Defendants' allegedly fraudulent conduct. The premise of this action is that Defendants intentionally misrepresented the efficacy of the FasciaBlaster in order to mislead Plaintiffs into purchasing it. Regarding the Section 349 and 350 claims specifically, Plaintiffs allege that Defendants made "untrue and/or misleading" statements, representations, and omissions "willfully, wantonly, and with reckless disregard for the truth." Similar allegations are present throughout the complaint. The district court therefore correctly subjected the Section 349 and 350 claims to the heightened pleading requirements of Rule 9(b).

Rule 9(b), in turn, demands "the who, what, when, and where [to] be laid out *before* access to the discovery process is granted." *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (emphasis in original). Plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* at 177. "[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quotation marks and citation omitted). Rather, to proceed to discovery, plaintiffs "must set forth

---

[5] *See also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Olin v. Dakota Access, LLC.*, 910 F.3d 1072, 1075 (8th Cir. 2018).

*specific facts* supporting an inference of fraud." *Dorsey*, 540 F.3d at 339 (quotation marks and citation omitted) (emphasis in original).

The district court found that Plaintiffs' allegations suffer from a combination of defects, including a failure to plead adequately *what* representations were actually made, *when* those representations were made, *who* made the representations, and *where* those representations occurred. Having reviewed Plaintiffs' amended complaint, we agree.[6]

To begin, Plaintiffs' allegations inadequately allege when the misrepresentations they relied upon occurred. Some provide the year and month that Plaintiffs *purchased* the FaciaBlaster. Others provide the *approximate* year and month the purchase was made. Two alleged only the year in which the purchase was made. None of the Plaintiffs specify when

---

[6] The district court ordered Plaintiffs to disclose to Defendants more specific information concerning "each plaintiff's alleged reliance including: (a) when, where, and what happened, and (b) how much money each spent on what." Plaintiffs provided those disclosures, which added further specificity to their allegations. Plaintiffs never filed the disclosures with the district court. Instead, Plaintiffs filed a status report that represented the requested disclosures were provided to Defendants. The status report also requested the court permit Plaintiffs to amend their complaint a third time to include the details in the disclosures "[i]f the Court is inclined to grant" Defendants' motion to dismiss. The district court did not address this request, but rather granted the Defendants' motion to dismiss.

We do not consider the disclosures when applying Rule 9(b) because they are not part of the complaint and are not even part of the record. Rule 9(b) is a pleading rule whose requirements must be met within the contents of the complaint alone. *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Furthermore, Plaintiffs' request to amend the complaint *for the third time* was not accompanied by any reasoning as to why such an amendment was appropriate. The district court did not abuse its discretion by declining to grant this request. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

No. 21-20349

they viewed the allegedly fraudulent representations.  That is insufficient.[7]
*See Williams*, 112 F.3d at 177.

Plaintiffs' allegations also inadequately allege the location of the representations.  For instance, many Plaintiffs assert that they saw Facebook advertisements, but they fail to specify where on Facebook they saw those advertisements.  Others allege that they saw statements, pictures, or videos on Defendants' website, but they fail to specify where on the website they saw them.  One plaintiff alleges she saw a video on YouTube, but she does not specify which YouTube video she saw.  These omissions likewise doom Plaintiffs' complaint.

Plaintiffs' allegations suffer from a combination of additional defects.  Some Plaintiffs, for example, fail to specify the representation upon which they relied, as they merely allege that they saw a statement "to the effect that" the FaciaBlaster would reduce cellulite or cause weight loss.  Several Plaintiffs failed to allege that it was Defendants who made the representation in question.  Plaintiffs' claims thus fail to satisfy the dictates of Rule 9(b).

Plaintiffs attempt to avoid this result by citing *United States v. Kanneganti* for the proposition that, depending "on the claim, a plaintiff may sufficiently state with particularity the circumstances constituting fraud or mistake without including all the details of any single court-articulated standard."  565 F.3d 180, 188 (5th Cir. 2009) (quotation marks and citation omitted).  The problem for Plaintiffs is that, as detailed above, their

---

[7] In this respect, Plaintiffs contend that their second amended complaint "sets forth the month and year the alleged fraudulent or materially misleading representations were seen by each Plaintiff, noting each plaintiff purchased the at-issue product *immediately* after viewing Appellees' materially misleading representations."  That is a misstatement.  Plaintiffs allege they purchased the product "*after* viewing" the alleged misrepresentations.  The gap between when Plaintiffs viewed the allegedly false statements and their ultimate purchases is anyone's guess.

allegations suffer from several fatal defects. Moreover, these defects distinguish this case from the unpublished and out-of-circuit district court opinions cited by Plaintiffs. *See Click v. General Motors LLC*, 2020 WL 3118577, *6 (S.D. Tex. 2020) ("The pleadings referenced specific advertisements, press releases, and brochures issued by [defendant]."); *Stevens v. Ford Motor Co.*, 2020 WL 12573279, *3–4 (S.D. Tex. 2020) (complaint detailed specific statements in specific advertisements); *True v. American Honda Motor Co.*, 520 F. Supp.2d 1175, 1183 (C.D. Cal. 2007) (complaint contained class allegations that quote multiple allegedly false statements, noting the exact date and publication in which they occurred).

For all these reasons, the district court properly dismissed Plaintiffs' various fraud claims pursuant to Rule 9(b).

### 2. Express Warranty Claims

The only remaining claims are those of Plaintiffs Dalton and Smith for breach of express warranty under, respectively, California Consumer Code §§ 2313 & 10210, and Florida Statutes §§ 672.313 & 680.21.

The district court dismissed these claims on the ground that they constituted "puffery." But the district court did not apply the law of a specific jurisdiction when conducting its analysis. Plaintiffs on appeal cite various Fifth Circuit cases in addition to Texas and California state law precedents. Defendants proffer Fifth Circuit, California, and Florida precedents. Neither party, however, briefed what law should be applied to each claim. We must reverse the dismissal of these claims with instruction to reconsider the motion to dismiss in light of applicable state law.[8]

---

[8] The district court held that the Magnuson-Moss Warranty Act claims "succeed or fail with the underlying state warranty claims." It may therefore consider on remand

No. 21-20349

## Conclusion

The district court's judgment is AFFIRMED in part, REVERSED in part, and REMANDED.

---

those claims as they relate to Dalton's and Smith's state claims for breach of express warranty.