# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2023

Lyle W. Cayce
Clerk

————————

No. 21-30082

————————

Ricardo Carmouche,

*Plaintiff—Appellant*,

*versus*

Timothy Hooper, *Warden, Elayn Hunt Correctional Center*; Todd Barrere, *Assistant Warden, Elayn Hunt Correctional Center*; Reginald Brock, *Assistant Warden, Elayn Hunt Correctional Center*; Eric Hinyard, *Assistant Warden, Elayn Hunt Correctional Center*; S. Robinson, *Lieutenant Colonel, Elayn Hunt Correctional Center*,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-478

————————————————————

Before Wiener, Graves, and Douglas, *Circuit Judges*.

Dana M. Douglas, *Circuit Judge*:

Ricardo Carmouche, a Louisiana prisoner, appeals the district court's dismissal of his § 1983 complaint with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915. Finding the dismissal to be in error, we VACATE and REMAND for proceedings consistent with this opinion.

No. 21-30082

## I.

Carmouche filed a letter indicating his intent to file a § 1983 suit and enclosing an initial filing fee. The letter was docketed as a complaint. After receiving a deficiency of pleading notice, Carmouche filed his complaint, which the district court docketed as an "amended complaint," clarifying that he was filing suit against five prison officials and alleging violations of his Eighth and Fourteenth Amendment rights. Specifically, Carmouche alleged that he was held in administrative segregation for 300 days over his 30-day disciplinary sentence without additional due process, such as new disciplinary hearings or periodic review of his custody status. He also alleged that his disciplinary conviction was based upon fabricated information. He sought monetary damages and injunctive relief.

Carmouche filed two motions to amend his complaint. In his first motion, Carmouche requested leave to amend, *inter alia*, to clarify that he was filing suit against the defendants in their official and individual capacities, to reiterate and reframe his equal protection claims, to expressly invoke the Fourteenth Amendment for his due process claims, and to rephrase facts and claims alleged in the original complaint. In his second motion to amend, Carmouche sought leave to explain "the Constitutional violations that have taken place since the preparation and filing of this civil action," such as defendants violating his First Amendment rights by censoring his mail.

The magistrate judge reviewed Carmouche's suit under 28 U.S.C. §§ 1915(e) and 1915A and issued a Report and Recommendation recommending that Carmouche's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim. The magistrate judge reasoned that Carmouche failed to state a procedural due process claim because his administrative segregation of approximately 16 months was too short in duration to implicate a liberty interest. Additionally, the magistrate

2

judge held that Carmouche failed to state an equal protection claim because he did not sufficiently allege that persons similarly situated were treated differently without a rational basis.    Finally, Carmouche's Eighth Amendment claim failed because the conditions alleged were "a far cry from depriving [him] of the minimal civilized measure of life's necessities."

The magistrate judge also recommended that Carmouche's motions for leave to file amended complaints be denied as futile.  As to Carmouche's first motion to amend, the magistrate judge indicated that the equal protection claim failed as a matter of law and that no additional facts alleged gave rise to claims of a constitutional dimension.  Regarding the second motion to amend, the magistrate judge stated that Carmouche's First Amendment mail interference claim was subject to dismissal as unexhausted pursuant to 42 U.S.C. § 1997.

The district court reviewed and adopted the magistrate judge's report, dismissing Carmouche's § 1983 suit with prejudice as frivolous and for failure to state a claim.  Carmouche timely filed a notice of appeal.

## II.

We review dismissals as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. *Boyd v. Biggers*, 31 F.3d 279, 282 (5th Cir. 1994).  We review *de novo* dismissals for failure to state a claim on which relief may be granted pursuant to § 1915(e)(2)(B)(ii).  *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).  A district court may dismiss as frivolous the complaint of a prisoner proceeding *in forma pauperis* if it lacks "an arguable basis in law or fact." *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).  A complaint fails to state a claim under § 1915(e)(2)(B)(ii) when it lacks sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

No. 21-30082

## III.

## A.

We begin with Carmouche's first point of error — the district court's dismissal of his procedural due process claims. Carmouche argues that he has alleged sufficient facts to state a constitutional claim. He argues that he spent over 300 days past his 30-day disciplinary sentence in administrative segregation under atypical prison conditions. He claims the district court failed to make the appropriate inquiry pursuant to *Sandin v. Conner*, 515 U.S. 472 (1995), considering whether the length and conditions of confinement give rise to a liberty interest.

To invoke the procedural protections of the Fourteenth Amendment's Due Process Clause, a § 1983 complainant must first show a protected liberty interest is at stake. *Wilkerson v. Goodwin*, 774 F.3d 845, 851 (5th Cir. 2014). The types of interests that qualify are limited. *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In the context of disciplinary convictions and any resulting confinement in administrative segregation, such interests are generally limited to restrictions that lengthen the prisoner's sentence and restraints imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkerson*, 774 F.3d at 852 (internal quotation and citation omitted); *see Bailey v. Fisher*, 647 F. App'x 472, 476 (5th Cir. 2016). Once a liberty interest is established, courts consider "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Thompson*, 490 U.S. at 460. Generally, "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). We consider the severity of the restrictive conditions and their duration when deciding whether a prisoner has a liberty

interest in his custodial classification. *Sandin*, 515 U.S. at 486; *Wilkerson*, 774 F.3d at 855; *Bailey*, 647 F. App'x at 476-77.

The district court relied heavily on *Wilkerson v. Goodwin* in dismissing Carmouche's procedural due process claim. According to the magistrate judge, this court in *Wilkerson* "suggested that 'two and a half years of segregation is a threshold of sorts for atypicality.'" However, *Wilkerson* concerned a solitary confinement of nearly 39 years. *See Wilkerson*, 774 F.3d at 848. The two-and-a-half-year threshold was cited only in dicta as an out-of-circuit example of a time period that a federal court had concluded was insufficient to trigger a constitutionally protected liberty interest.[1] *Id.* at 855 (citing *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998)). In now holding that no such threshold exists, we align with the Supreme Court and our own precedent. District courts should apply a nuanced analysis looking at the length and conditions of confinement on a case-by-case basis to determine whether they give rise to a liberty interest — not the application of a 30-month threshold. *See, e.g., Sandin*, 515 U.S. at 484-85 (considering whether segregated conditions present a "dramatic departure" from "the ordinary incidents of prison life"); *Wilkerson*, 774 F.3d at 855-56 (explaining that an "'extraordinary duration' diluted the materiality of. . . less severe confinement conditions").

In failing to apply the appropriate, multi-faceted legal test considering the conditions and length of confinement, the district court erred. Accordingly, in dismissing the appeal as frivolous, the district court abused

---

[1] To the extent that *Bailey v. Fisher*, an unpublished decision, suggests that this court has established a two-and-a-half-year threshold for atypicality, we hold that no such threshold exists. *Bailey* states: "The Fifth Circuit recently suggested that two and a half years of segregation is a threshold of sorts for atypicality." 647 F. App'x at 476. However, the panel there remanded for further factual finding to properly conduct a *Sandin* analysis, as we do here. *See id.* at 477.

No. 21-30082

its discretion. Further, because the district court did not apply the correct test, we reserve review of whether Carmouche fails to state a claim for the district court to resolve in the first instance.

**B.**

This brings us to the second point of error — the denial of Carmouche's motions to amend his complaint. "A district court's denial of a motion to amend the pleadings is reviewed for abuse of discretion." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017).

At the outset, we note that the district court erred in docketing Carmouche's initial filing as a complaint. The letter docketed as a complaint states the following in full:

> Enclosed is an advance court's filing fee in the full amount of $120.00. This fee is for civil litigation under 42 U.S.C. § 1983 that I'll be submitting to the court in the near future. Please post this fee to my account, and send me some type of receipt of this posting so it can be attached to the civil litigation I'll be submitting as proof that the court's filing fee has been prepaid.

Though *pro se* complaints are to be construed liberally, *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993), even given the most liberal construction, this letter cannot be read as a complaint. It includes no "short and plain statement of [Carmouche's] complaint," a requirement of *pro se* complaints in our circuit. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). Moreover, even liberally construed, it does not include a statement of jurisdiction, statement of the claim, or demand for relief. *See* Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (finding a *pro se* litigant satisfies Rule 8(a) where he provides a "short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Johnson v. East Baton Rouge Fed'n of Teachers*, 706 F. App'x 169, 171 (5th Cir. 2017) (noting that *pro se* complaints "are still required to comply with Rule 8(a)(2)").

6

No. 21-30082

Finally, we find it significant that Carmouche indicates repeatedly that his intent was never for this letter to operate as a complaint.[2]  Liberal construction is afforded to *pro se* litigants to serve as a shield, in line with the "congressional goal of assuring equality of consideration for all litigants" behind the federal *in forma pauperis* statute.  *Denton*, 504 U.S. at 32 (cleaned up).  When it is utilized as a sword, as in this case, it impermissibly denies access to federal courts.

Significantly, because the filing construed as Carmouche's amended complaint should have been labeled his initial complaint, he did not need leave of court to amend it once thereafter.  *See* Fed. R. Civ. P. 15(a)(1).  Here, Carmouche should have been given leave to amend and the district court abused its discretion.

Under Federal Rule of Civil Procedure 15(a), a party may amend his pleading once as a matter of course and thereafter with leave of court, which should be freely given in the interest of justice.  Fed. R. Civ. P. 15(a); *see Anokwuru v. City of Houston*, 990 F.3d 956, 966 (5th Cir. 2021).  Additionally, before *sua sponte* dismissing a pro se litigant's case with prejudice, a district court ordinarily must provide an opportunity to amend the complaint to remedy the deficiencies.  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).  The primary means that have evolved for remedying inadequacies in a prisoner's pleadings are a *Spears* hearing or a questionnaire that permits the prisoner to bring into focus the factual and legal bases of his claims.  *Eason*, 14 F.3d at 9.  These and other

---

[2] In fact, attached to Carmouche's "amended complaint," he includes a letter to the "clerk/pro se staff attorney" requesting that they "un-file my pleadings in [the instant action] because I did not file them!"  He notes that had he not received a deficiency notice, he "wouldn't have known that anything was filed" in his case.  He asks that the clerk use "some or all of the 120 dollars to [un-file the pleading] and not penalize me so when I'm ready to submit my full complaint I can do so without any problems."

means have been utilized by district courts to elicit facts when reviewing similar claims raised by prisoners. *See, e.g., Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (utilizing *Spears* hearing); *Bailey*, 647 F. App'x at 473-74 (utilizing *Spears* hearing); *Luken*, 71 F.3d at 193 (utilizing order for a more definite statement of facts).

Carmouche should have been granted leave as a matter of course because his complaint was improperly docketed, but we further find that under this record, leave to amend should have been granted to garner further factual allegations from Carmouche before denying his complaint with prejudice.[3] We cannot decide, at this stage, with no input from defendants who have yet to be served, whether Carmouche will be successful in his claims.[4] We observe, however, that in Carmouche's pleadings, he indicates that he is being held indefinitely without justification. Yet, it is impossible to conduct a proper *Sandin* analysis with the record before us.

It is unclear from the record whether his administrative segregation impacts his release date. *See Wilkinson*, 545 U.S. at 224 (fact that placement in Ohio's Supermax facility "disqualifies an otherwise eligible inmate for parole consideration" is one of two components distinguishing it from "most solitary confinement facilities"); *Bailey*, 647 F. App'x at 475-76 (noting that "[c]ourts are particularly concerned when solitary confinement triggers such repercussions"). Further, the record lacks relevant facts about the conditions of Carmouche's confinement, and some of the allegations

---

[3] Although leave to amend is not required if the plaintiff has already pleaded his "best case," *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998), there is no indication that Carmouche has done so, as he includes additional allegations in each of his subsequent motions to amend.

[4] Carmouche has not raised his Fourteenth Amendment Equal Protection or Eighth Amendment claims in his brief to this court, so we do not address them. However, in granting leave to amend, these claims are revived for reconsideration in the first instance.

included raise concerns but were given short shrift in the Report and Recommendations, including the ten minutes per month of telephone use at the David Wade Correctional Center, where Carmouche was transferred for a 90-day extended lockdown after the completion of his 30-day sentence. *See Bailey*, 647 F. App'x at 475 (noting that plaintiff confronted "restrictive conditions," such as the prohibition or rare usage of the telephone).

It is also unclear from the record if and when Carmouche's custodial status is reviewed. *See Luken v. Scott*, 71 F.3d at 194 (finding no liberty interest where, *inter alia*, prisoner's custodial status was reviewed every ninety days); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (same). This bears on his liberty interest because it is entirely unclear why Carmouche is being held in administrative segregation despite a Classification Review Board form from December 12, 2019, attached as an exhibit to his "amended complaint," several months after the completion of his 30-day disciplinary sentence, indicating he is eligible for reassignment from maximum to medium security.

Accepting the allegations in the complaint as true, as we must, Carmouche alleges that his confinement is at the whim of the assistant wardens, one of which stated, "I'm not ready to let you go from back here yet," in response to inquiries about why he was not being released despite the Classification Review Board indicating he was eligible to do so. While we have held that "[p]rison officials should be accorded the widest possible deference" in classifying prisoners' custodial status to "maintain security and preserve internal order," *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (quoting *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990)), this case presents a unique factual scenario in which *some* prison officials have determined Carmouche should be released from administrative segregation, but others refuse to do so. The Supreme Court has held that the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be

weighed in favor of the plaintiff." *Denton*, 504 U.S. at 32 (quoting *Coppedge v. United States*, 369 U.S. 438, 447 (1962)). Further, the screening of complaints under § 1915 "cannot serve as a factfinding process for the resolution of disputed facts." *Id.* Here, it may be the case that a response from defendants is necessary to reach the proper conclusion.

Finally, the indefiniteness of a period of segregation is relevant in reviewing the constitutionality of a length of confinement. *See Wilkerson*, 774 F.3d at 855 (considering the "effectively indefinite nature" of confinement). Here, it is unclear from the record whether Carmouche remains in administrative segregation today. *See Bailey*, 647 F. App'x at 476 ("[T]he record is wanting about the actual duration of his confinement under the alleged conditions and whether it is ongoing.").

## IV.

Accordingly, we VACATE the judgment dismissing Carmouche's complaint with prejudice and REMAND the case for further proceedings consistent with this opinion.