# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10508

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2024

Lyle W. Cayce
Clerk

Meng Ellen Xia,

*Plaintiff—Appellant*,

*versus*

Lina T. Ramey, and Associates; William Martinez,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-3072

———————————————————————

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Meng Ellen Xia, a pro se litigant, sued her employer for employment discrimination and harassment, fraud, promissory estoppel, and violations of the H-1B visa statute. The district court dismissed Xia's lawsuit under 12(b)(6) for failing to state a claim. Xia now appeals that dismissal and moves us to appoint her counsel. We AFFIRM the district court's dismissal and DENY Xia's motion.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10508

I.

On September 16, 2019, Linda T. Ramey, and Associates ("LTRA") offered Xia, a Chinese national working in America on an H-1B visa, a job as a design engineer. After several months on the job, however, LTRA terminated Xia. In response, Xia sued LTRA.

Xia later amended her initial complaint and added William Martinez, an LTRA employee and Xia's supervisor, as a codefendant, though it essentially alleged the same claims as Xia's initial complaint. Eight days later, Xia submitted a "Plaintiff's Brief," which the district court accepted as Xia's second amended complaint. In that same order, the district court directed Xia to make no further amendments unless permitted by the court.

If we construe her pro se pleadings liberally, Xia alleges employment discrimination based on sex, race, and national origin. She further alleges a hostile working environment claim and claims related to her H-1B visa. Xia further alleges that: (1) her supervisor told an inappropriate joke around her, glanced at her inappropriately, invited her to lunch, and followed her to her car, as well as other grievances; (2) her male coworkers invited her to drink alcohol with them during working hours; and (3) her coworkers gossiped about her and made comments about and asked her insensitive questions relating to her Chinese heritage. Regarding her visa claim, Xia further alleges that LTRA defrauded her when it promised to help her earn her green card, fraudulently induced her to accept the employment offer based on that promise, and fired her in violation of the H-1B statute. Xia's initial complaint also alleged that LTRA defamed her to other employers following her termination.

On June 9, 2022, LTRA and Martinez ("Appellees") filed the instant motion to dismiss. Instead of responding to the motion, Xia moved to clarify her pleadings and to remove her second amended complaint. The district

2

court granted Xia's motion to clarify, which reinstated her first amended complaint as the operative pleading, and referred the motion to dismiss to a magistrate judge. In a report and recommendation, the magistrate judge recommended that the district court dismiss each of Xia's claims with prejudice. The district court adopted the R&R, over Xia's objection, and dismissed the case with prejudice. The district court then declined to certify the order for an in forma pauperis appeal, ruling that Xia's claims were frivolous.

## II.

Now on appeal, Xia argues that: (1) the district court erred by dismissing her claims under Rule 12(b)(6); (2) the district court erred by failing to rely on the factual allegations in both of her amended complaints; and (3) the district court abused its discretion in refusing to allow Xia to amend her complaint for a third time. Furthermore, Xia moves for appointment of counsel to represent her. We will discuss each issue below.

### i.

We first turn to Xia's argument that the district court erred in dismissing her claims under Rule 12(b)(6). A district court's grant of a Rule 12(b)(6) motion to dismiss is reviewed de novo. *Vizaline, L.L.C. v. Tracy*, 949 F.3d 927, 931 (5th Cir. 2020). We accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). "But we do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (internal quotation marks and citations omitted). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must [establish] the plaintiff's grounds for entitlement to relief—including factual allegations in a complaint that when assumed to be true 'raise a right to relief above the

speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Notwithstanding her three pleadings, Xia's claims fail to satisfy the standard for survival. Dismissal was thus proper. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Xia's discrimination claim, which for example involves her allegations surrounding her supervisor and coworkers, is deficient because she failed to establish that her claims were caused by her race, national origin, sex, or any other protected characteristic. *Sanchez v. Chevron N. Am. Expl. & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. 2021). Xia's hostile work environment claim, which involves essentially the same facts as her discrimination claim, fails because the alleged instances of abuse are too infrequent and inconsequential to be legally significant. *E.E.O.C. v. Boh Bros. Constr. Co., L.L.C.*, 731 F.3d 444, 453 (5th Cir. 2013) (en banc). Xia's promissory estoppel and fraud claims, which involve her employer's alleged promise to help transfer Xia's H-1B via to a green card, fail because her attached exhibit refutes the existence of that promise. Without such a promise, both claims necessarily fail. *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 305 (Tex. App. – Dallas 2009, no pet.); *Elson v. Black*, 56 F.4th 1002, 1008 (5th Cir. 2023). Xia's H-1B visa statutory claim fails because she failed to allege that she had exhausted her administrative remedies as required by 8 U.S.C. § 1182(n); therefore, she has no private right of action. *See Watson v. Elec. Data Sys.*, 191 F. App'x 315 (5th Cir. 2006); *see also Shah v. Wilco Sys., Inc.*, 126 F. Supp. 2d 641, 648 (S.D.N.Y. 2000). Finally, Xia's defamation claim from her initial complaint also fails for its vagueness because she did not identify a specific defamatory statement or when or where it was made. *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1153 (5th Cir. 2021); *Ameen v. Merck & Co.*, 226 F. App'x 363, 370 (5th Cir. 2007).

ii.

No. 23-10508

Xia next argues that the district court failed to consider the factual allegations found in both of her amended complaints, a concern that formed the crux of her motion to clarify her pleadings. We review for an abuse of discretion. *Carmouche v. Hooper*, 77 F.4th 362, 367 (5th Cir. 2023). Both the magistrate judge's R&R and the district court's order, however, explicitly considered the allegations found in the first and second amended complaints. Moreover, the district court granted Xia's motion to clarify her pleadings, which further resolves any doubt on this issue. As such, the district court did not abuse its discretion here.

iii.

Xia also argues that the district court erred by forbidding Xia from further amending her complaint without leave of the court. We review for an abuse of discretion. *Carmouche*, 77 F.4th at 367. Leave to amend should be freely given, *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017), unless the plaintiff has pleaded her "best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2010). Here, Xia twice amended her initial complaint, and the district court accepted these amended pleadings and granted Xia's later motion to clarify. At this point, Xia cannot demonstrate how additional amendments would elevate her claims to be legally cognizable. *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 302 (5th Cir. 2022). Consequently, the district court did not abuse its discretion here. *Id*.

iv.

Finally, Xia moves for appointed counsel to represent her on appeal. There is no constitutional right to appointed counsel in this case, and Xia cannot demonstrate the exceptional circumstances that warrant appointment. *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). Therefore, we deny Xia's motion for appointed counsel.

III.

5

No. 23-10508

In sum, Xia cannot show that the district court erred by: (1) dismissing her claims, (2) not relying on the allegations found in both of her amended complaints, or (3) refusing to permit her to further amend her claims. Nor can Xia show that she is entitled to appointed counsel, and her motion is DENIED. Accordingly, the district court's judgment dismissing the complaint is in all respects

AFFIRMED.