# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60168

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2015

Lyle W. Cayce
Clerk

JOHN HALE,

Plaintiff-Appellant

v.

HARRISON COUNTY BOARD OF SUPERVISORS; UNKNOWN WASHINGTON, Ms. - Legal Assistant - In Official and Individual Capacity; UNKNOWN COULTER; JOHN AND JANE DOES; UNKNOWN SANDERSON, Warden; CAPTAIN UNKNOWN LEGE, Assistant Warden; SHERIFF UNKNOWN BRISOLARA; A. JOHNSON, Deputy; UNKNOWN WILSON, Deputy; SERGEANT UNKNOWN TARPLEY; SERGEANT UNKNOWN FRENCH; NURSE TARA KUTSCHERENKO; JACLYN SIMMONS MEYER; DR. JEFFERY KNIGHT,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CV-61

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

John Hale, Mississippi prisoner # 24720, filed in the district court a complaint seeking relief under 42 U.S.C. § 1983, the Americans with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60168

Disabilities Act, and a 1995 consent decree entered into by Harrison County, Mississippi, and the United States regarding its administration of the Harrison County Adult Detention Center.  Hale seeks leave to proceed in forma pauperis (IFP) on this interlocutory appeal from the district court's orders denying his petition for contempt proceedings as to the consent decree, motion for enforcement of the consent decree, and motion for the appointment of counsel.[1]  By seeking leave to proceed IFP in this court, Hale is challenging the district court's certification that this appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary."  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  We lack jurisdiction to review the district court's order denying Hale's petition for a contempt order, denying Hale's motion for enforcement of the consent decree, and dismissing Hale's claims to the extent they raised claims based on violations of the consent decree.  The order is not a final judgment for purposes of 28 U.S.C. § 1291; may be effectively reviewed on appeal from a final judgment and thus is not appealable under the collateral order doctrine; and was not certified by the district court under Federal Rule of Civil Procedure 54(b) or § 1292(b) as a final appealable order.  *See United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006); *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988).  Nor is the order, in which the court declined to enforce a previously existing consent decree, appealable under § 1292(a).  *Cf. Ingram Towing Co. v. Adnac Inc.*, 59 F.3d 513, 516 (5th Cir. 1995) (holding that

---

[1] The district court also denied Hale's motions for emergency injunctive relief against defendant Coulter, a ruling on his request for injunctive relief, a temporary restraining order (TRO), and a ruling on the TRO.  However, Hale has abandoned any challenge he might have raised regarding the denial of those motions by failing to challenge the decisions on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

interlocutory appeals are not allowed when a court merely enforces or interprets a previous injunction).

We have jurisdiction to consider Hale's challenge to the district court's denial of his motion for the appointment of counsel. *See Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985). However, the district court did not abuse its discretion in denying that request because Hale's case involves no exceptional circumstances that warrant the appointment of counsel. Hale raises no complex legal or factual issues, and his pleadings indicate that he had the ability to investigate and present his case adequately. S*ee Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Hale has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED in part for lack of jurisdiction and in part as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Hale is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.