# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-30475

———————————

BRANDON S. LAVERGNE,

*Plaintiff—Appellant*,

*versus*

KEITH STUTES, *District Attorney Louisiana 15th Judicial District Court*; MICHAEL HARSON, *Former District Attorney Louisiana 15th Judicial District Court*; HERMAN CLAUSE, *Former District Court Judge Louisiana 15th Judicial District Court*; N. BURL CAIN, *Former Louisiana State Prison Warden*; JAMES M. LEBLANC, *Secretary, Department of Public Safety and Corrections*; BURLIEGH DOGA, *Assistant District Attorney Louisiana 15th Judicial District Court*; J. CLAY LEJEUNE; DOUG WELBORN, *Clerk of Court Louisiana 19th Judicial District Court*; DANIEL M. LANDRY, III, *Assistant District Attorney*; ALAN HANEY, *Assistant District Attorney*; ROGER HAMILTON, *Assistant District Attorney*; DARREL VANNOY, *Warden, Louisiana State Penitentiary*; TAYLOR CURTIER; PAUL SMITH; KEVIN BENJAMIN, *Former Warden of Security*,

*Defendants—Appellees*,

——————————————————————————

BRANDON S. LAVERGNE,

*Plaintiff—Appellant*,

*versus*

KEITH STUTES, *District Attorney Louisiana 15th Judicial District Court, Individual and Official Capacity*; MICHAEL HARSON, *Former District*

*Attorney Louisiana 15th Judicial District Court, Individual and Official Capacity*; N. Burl Cain, *Former Louisiana State Prison Warden, Individual Capacity*; Herman Clause, *Former District Court Judge Louisiana 15th Judicial District Court, Official Capacity*,

*Defendants—Appellees*.

––––––––––––––––––––––––––––––

Appeal from the United States District Court
for the Middle District of Louisiana
USDC Nos. 3:17-CV-1696, 3:18-CV-693

––––––––––––––––––––––––––––––

Before Jones, Stewart, and Duncan, *Circuit Judges*.
Stuart Kyle Duncan, *Circuit Judge*:

*Pro se* plaintiff Brandon LaVergne pled guilty to two counts of first-degree murder in 2012 and received a life sentence at the Louisiana State Penitentiary ("LSP"). He has since filed a stream of state and federal lawsuits against numerous officials, which we have detailed previously. *See LaVergne v. Stutes*, 2021 WL 2877789, at *1 (5th Cir. July 8, 2021) (per curiam). In a prior appeal, we partially remanded for the district court to consider LaVergne's 42 U.S.C. § 1983 claims against James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, and Burl Cain, the former Warden of LSP, and specifically those officials' invocation of qualified immunity and prescription. *See id.* at *4 (remanding those claims "for consideration of . . . defendants' raised defenses").

LaVergne claims LeBlanc and Cain should be personally liable under 42 U.S.C. § 1983 for his conditions of confinement from August 2012 to June 2017, which he alleges violated the Fourteenth and Eighth Amendments. We recite the allegations pertinent to those claims from our prior opinion. "During his time at the LSP, LaVergne has been housed in both 'restricted custody,' also known as solitary confinement, and the LSP dorms. Beginning in 2012, he was initially assigned to restricted custody, where he had limited

No. 22-30475

access to the law library, legal materials, and counsel." *Id.* at *1. LaVergne was "moved into the LSP dorms in June 2017," where he encountered what he claimed were objectionable conditions, including inmate drug use, overcrowding, and uncleanliness. *Ibid.* In 2018, LaVergne tried to escape, was unsuccessful, and "[a]s a result, he was re-assigned to restricted custody in October 2018." *Ibid.*

On remand, the district court directed the parties to file supplemental memoranda addressing qualified immunity and prescription and referred the matter to a magistrate judge. In a thorough opinion, the magistrate judge recommended dismissal for failure to state a claim.[1] Over LaVergne's objections, the district court adopted the magistrate judge's recommendation and dismissed LaVergne's claims against LeBlanc and Cain with prejudice. LaVergne now appeals.

We review a dismissal for failure to state a claim *de novo*. *See, e.g.*, *Norsworthy v. Houston Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023); FED. R. CIV. P. 12(b)(6). A complaint must be dismissed if it fails to plead facts allowing the reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While we accept well-pled facts as true and in a light favoring the plaintiff, we do not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).[2] Relatedly, when a defendant invokes qualified immunity, the plaintiff must show the defendant (1) violated a constitutional right, (2) which was then clearly

---

[1] The magistrate judge did not address whether LaVergne's claims were prescribed.

[2] *Pro se* pleadings like LaVergne's are to be liberally construed. *See Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023).

established. *See Keller v. Fleming*, 952 F.3d 216, 221 (5th Cir. 2020). A court may address either or both prongs. *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009). Here, the magistrate judge limited his ruling to prong one by dismissing LaVergne's claims for failure to state a claim.

LaVergne's handwritten *pro se* brief confusingly raises numerous issues beyond the scope of our prior remand. Like the magistrate judge, however, we limit our analysis to whether LeBlanc and Cain are entitled to qualified immunity from LaVergne's Fourteenth and Eighth Amendment claims. We see no reversible error in the magistrate judge's well-reasoned opinion.

As to the Fourteenth Amendment, the magistrate judge correctly stated that restrictive confinement like LaVergne's is grounds for a due process claim only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Applying that standard, the judge properly considered the severity and duration of the confinement. *See Wilkerson v. Goodwin*, 774 F.3d 845, 854–55 (5th Cir. 2014); *Bailey v. Fisher*, 647 F. App'x 472, 476–77 (5th Cir. 2016). The judge compared those elements of LaVergne's confinement to cases where a due process violation had been found, reasonably finding that LaVergne's conditions were not "sufficiently severe to give rise to a liberty interest under *Sandin*."

For instance, although LaVergne alleged he was confined to a cell twenty-three hours per day from August 2012 to June 2017, he was nonetheless "permitted two contact visits per month," "was able to make phone calls, cook food, or exercise" an hour per day, "was permitted outdoor recreation for three hours per week, albeit in a limited space," and was not "deprived of conversation or communication with other inmates." *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005) (involving a "supermax

facility" where placement was indefinite, almost all contact was prohibited, and placement disqualified the prisoner for parole consideration); *Wilkerson*, 774 F.3d at 855 (involving thirty-nine-year confinement in solitary confinement)[3]; *Bailey*, 647 F. App'x at 474–75 (involving a prisoner kept twenty-three to twenty-four hours per day in a cell with solid steel door and minimum visitation). The magistrate judge committed no reversible error in dismissing LaVergne's Fourteenth Amendment due process claim.

As to LaVergne's Eighth Amendment claim, the magistrate judge correctly stated that such a claim requires showing both that a prisoner faces conditions so dire as to deprive him of "the minimal civilized measure of life's necessities," and that the responsible prison officials were "deliberately indifferent" to the inmate's health or safety. *See generally Farmer v. Brennan*, 511 U.S. 825, 834–36 (1994); *Wilson v. Seiter*, 501 U.S. 294, 296–303 (1991); *Hutto v. Finney*, 437 U.S. 678, 685–87 (1978). The magistrate judge properly applied these standards, concluding that "[t]he conditions alleged by [LaVergne], alone or in combination, do not evidence deprivation of a basic human need." For instance, the court reasoned that LaVergne's allegations concerning restrictions on his visiting privileges and

---

[3] In *Carmouche v. Hooper*, we recently rejected the view that *Wilkerson* set "a 30–month threshold" before administrative segregation becomes "atypical." 77 F.4th 362, 367 (5th Cir. 2023). We explained that, instead, "courts should apply a nuanced analysis looking at the length and conditions of confinement on a case-by-case basis," as required by *Sandin*. *Ibid*. (citation omitted). *Carmouche* does not require reversal for three reasons. First, *Carmouche* does not suggest that 10 additional months in administrative segregation (the duration alleged there) necessarily shows atypicality, particularly where the record contained no evidence about the plaintiff's conditions of confinement. Second, unlike here, *Carmouche* reversed a dismissal for frivolousness under 28 U.S.C. §§ 1915(e) and 1915A, and accordingly no factual development of the plaintiff's claim had occurred. *See id.* at 365. Third, the magistrate judge here did not recommend dismissal of LaVergne's due process claim based on some durational threshold but instead properly analyzed the nature and duration of LaVergne's confinement under *Sandin*.

email access did not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Thorne v. Jones*, 765 F.2d 1270, 1273 (5th Cir. 1985) (holding that, for convicted prisoners, visitation privileges "are a matter subject to the discretion of prison officials") (citation omitted). Nor did confinement to a cell for twenty-three hours per day violate the Eight Amendment where the inmate nonetheless could converse with other inmates, receive visitors, and engage in some form of exercise or other recreation. *See, e.g.*, *Escobarrivera v. Whitaker*, 2022 WL 17352178, at *4 (5th Cir. Dec. 1, 2022); *Argue v. Hofmeyer*, 80 F. App'x 427, 429–30 (6th Cir. 2003); *Hill v. Pugh*, 75 F. App'x 715, 721 (10th Cir. 2003). The magistrate judge committed no reversible error in dismissing LaVergne's Eighth Amendment claim.[4]

AFFIRMED.

---

[4] Having dismissed all of LaVergne's federal claims, the magistrate judge declined to exercise supplemental jurisdiction over his state claims under 28 U.S.C. § 1367(c)(3). We see no abuse of discretion in that decision. *See Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022) (reviewing such a decision for abuse of discretion).