# United States Court of Appeals for the Fifth Circuit

No. 23-40219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2023

Lyle W. Cayce
Clerk

Bobby Perez,

*Plaintiff—Appellant*,

*versus*

Brad Livingston, *in his individual capacity*; Kevin Moore, *Warden*; Dr. Jessica Khan; Jane Does; John Doe; Sara Hancock; Bryan Collier, *Executive Director, Texas Department of Criminal Justice, in his individual and official capacity*; University of Texas Medical Branch; Texas Department of Criminal Justice; Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division, in his official capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:19-CV-172

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40219

Bobby Perez, Texas prisoner # 01117750, appeals the district court's grant of the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6) and the concomitant dismissal of his 42 U.S.C. § 1983 suit.  Review is de novo.  *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018).  Dismissal under Rule 12(b)(1) is proper when a claim is barred by immunity.  *See id.* at 184-85.  Dismissal under Rule 12(b)(6) is proper when a complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Perez shows no error in connection with the district court's judgment.

Because the record supports Perez's assertion that he sued the defendants in their official capacities only,[1] we agree that the district court should not have considered personal capacity claims and qualified immunity;[2] we thus decline to review the district court's determinations as to these issues.  Perez cites nothing showing that the defendants waived their Eleventh Amendment immunity with respect to § 1983 suits for money damages and thus shows no error in the district court's dismissal of his § 1983 claims for pecuniary relief.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Lewis v. UTMB*, 665 F.3d 625, 630 (5th Cir. 2011).

Similarly, Perez shows no error in connection with the district court's conclusion that he had not shown actionable claims under the Americans

---

[1] On appeal, Perez asserts that the district court "misconstrued" his complaint as raising claims against the defendants in their personal capacities and clarifies that "Defendants have been sued in their official capacities and are therefore representing their respective state agencies."  Similarly, in his "Amended Supplemental Complaint" Perez specifies in several places that he is suing the defendants in their official capacities.

[2] *See Hernandez v. Spencer*, 780 F.2d 504, 506 (5th Cir. 1986) (noting that a plaintiff "is the master of his pleadings and, subject to the requirements of Rule 11, . . . may include in them whatever claims he wishes").

with Disabilities Act and the Rehabilitation Act because those laws do not set forth standards of care for prisoners, nor are they infringed by a prison's not providing medical treatment to prisoners. *See Hale v. Harrison Cty. Bd. of Sup'rs*, 8 F.4th 399, 404 n.† (5th Cir. 2021); *Frame v. City of Arlington*, 657 F.3d 215, 223-24 (5th Cir. 2011) (en banc); *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287-88 (5th Cir. 2005). Insofar as he contends that the district court erred by rejecting some of his claims under the doctrine of res judicata, he is mistaken, as the record shows that none of his claims were dismissed pursuant to this theory. Finally, because he has not shown that his case presents extraordinary circumstances, we will not appoint counsel in this appeal. *See Delaughter v. Woodall*, 909 F.3d 130, 140-41 (5th Cir. 2018). The judgment of the district court is AFFIRMED, and the motion for appointed counsel is DENIED.