# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2024

Lyle W. Cayce
Clerk

———————

No. 23-10985
Summary Calendar

———————

CHERYL PENNER, *Individually, as Representative of* THE ESTATE OF BRIAN GANDY, *and as next friend KG, LG, RG, and ZG, minor children*; MEGAN TATE GANDY,

*Plaintiffs—Appellants*,

*versus*

GAINES COUNTY, TEXAS; JEFFERY JAMES, *Individually*; CALVIN SELLERS, *Individually*; JOHN/JANE DOE #1, *Individually*; JOHN/JANE DOE #2, *Individually*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CV-10

———————————————————

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

The plaintiffs filed a civil complaint after Brian Gandy committed suicide while he was a pretrial detainee in the Gaines County Jail. They

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10985

raised claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) against Jeffrey James and Calvin Sellers (two justices of the peace in Gaines County), Gaines County, and two unidentified employees of the Sheriff's Department.

Appellants claim the following: the district court erred in determining that the two justices of the peace were entitled to judicial immunity; the district court erred in determining that they failed to state § 1983 and ADA claims; and the district court erred in failing to grant them an opportunity to amend their counseled complaint prior to dismissal.

When all well-pleaded facts are accepted as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the district court correctly determined that James and Sellers were entitled to judicial immunity, *see Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982); *Stump v. Sparkman*, 435 U.S. 349, 356-57 & n.7 (1978). Because the district court did not err in determining that judicial immunity applied, we need not consider the court's alternative qualified immunity ruling. *See Malina v. Gonzales*, 994 F.2d 1121, 1126 (5th Cir. 1993).

Next, the § 1983 claims against Gaines County stemming from the actions of the justices of the peace were properly dismissed. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988). The § 1983 claims against Gaines County for failure to train or supervise jail personnel were also properly dismissed because the complaint did not sufficiently plead that the failure constituted deliberate indifference to Gandy's constitutional rights. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 623-24 (5th Cir. 2018).

Third, "the ADA does not set out a standard of care for medical treatment," nor is it violated by a jail "failing to attend to the medical needs of its disabled prisoners." *Hale v. Harrison Cnty. Bd. of Supervisors*, 8 F.4th 399, 404 n.† (5th Cir. 2021) (internal quotation marks and citation omitted).

2

No. 23-10985

The plaintiffs did not allege that Gandy was treated differently because of his disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). Further, they did not allege facts establishing that the need for continuing a suicide watch was open, obvious, and apparent to jail personnel. *See Windham v. Harris Cnty.*, 875 F.3d 229, 235 (5th Cir. 2017). The ADA claim was thus properly dismissed.

Finally, the district court did not abuse its discretion by dismissing the complaint without affording the plaintiffs an opportunity to amend because the doctrine of judicial immunity precluded the plaintiffs from stating a claim against the justices of the peace, and the plaintiffs set forth no facts that would remedy the deficiencies in their complaint. *See Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021).

AFFIRMED.