# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-10802
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2025

Lyle W. Cayce
Clerk

Israel Salinas, Jr.,

*Plaintiff—Appellant*,

*versus*

Bryan Collier, *TDCJ Director*; Bradley Johnson, *Sergeant of Correction Officers*; Jackie S. Gregory, *Nurse Practitioner*; Robert O. Martin, *Unit Medical Doctor*; Leeroy Cano, *Assistant Warden*; TDCJ-CID,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CV-181

———————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

Israel Salinas, Jr., Texas prisoner # 02181382, initiated this pro se 42 U.S.C. § 1983 action, alleging constitutional violations and, under Title II of the Americans with Disabilities Act (ADA), disability discrimination by

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

prison officials.  The district court dismissed his second amended complaint as frivolous and for failure to state a claim.  He now appeals, challenging the dismissal of (1) his claims of deliberate indifference to his serious medical needs; (2) his retaliation claim against defendant Jackie Gregory; and (3) his ADA claim, as well as (4) the court's rulings with respect to supervisory and state liability under § 1983.  By failing to brief any arguments regarding the dismissal of his other claims, Salinas has abandoned those issues.  *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

As to his deliberate indifference claims, we conclude that, aside from conclusory labels regarding the defendants' conduct, *see LaVergne v. Stutes*, 82 F.4th 433, 435 (5th Cir. 2023), Salinas merely alleged a disagreement with his medical treatment, *see Rogers v. Boatright*, 709 F.3d 403, 409–10 (5th Cir. 2013); *see also Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 281–83 (5th Cir. 2023).  Further, Salinas did not allege any facts from which a claim of retaliation may be plausibly inferred.  *See DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019).

Next, in light of our above conclusions, we hold that the district court did not err in dismissing Salinas's claim for damages under the ADA, which required him to plead "intentional discrimination," a standard that, while imprecise, "require[s] something more than deliberate indifference." *J.W. v. Paley*, 81 F.4th 440, 449–50 (5th Cir. 2023) (internal quotation marks and citation omitted), *cert. denied*, 144 S. Ct. 2658 (2024).  The district court also correctly ruled that there were insufficient factual allegations to establish any claims for supervisory liability under § 1983, *see Rios v. City of Del Rio*, 444 F.3d 417, 425, 427 (5th Cir. 2006), and that Salinas could not recover damages under § 1983 against the Texas Department of Criminal Justice or its employees in their official capacities, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989); *Harris v. Angelina Cnty.*, 31 F.3d 331, 337 n.7 (5th Cir. 1994).

No. 24-10802

Accordingly, the district court's judgment is AFFIRMED. Appellant's motion for "Judicial Notice" is DENIED.