# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2025

Lyle W. Cayce
Clerk

———————

No. 24-40286

———————

STEVEN KURT BAUGHMAN,

*Plaintiff—Appellant*,

*versus*

JIMMY BOWMAN, *Warden, Powledge Unit*; VERNON MITCHEL, *Assistant Warden, Powledge Unit*; RONNIE STANHOPE, *Lieutenant, Powledge Unit*; KRYSTAL POE, *Correctional Officer, Powledge Unit*; BETTY REEVES, *Correctional Officer, Powledge Unit*; YOLANDA ELLIS, *Correctional Officer, Powledge Unit*; MELISSA BALLARD, *Registered Nurse, Powledge Unit*; BRYAN COLLIER, *Executive Director, Texas Department of Criminal Justice*; ERIC GUERRERO, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; TEXAS BOARD OF CRIMINAL JUSTICE; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; KAREN S. CLAKLEY, *Correctional Officer, Powledge Unit*; BRANDI BINGHAM, *Sergeant, Powledge Unit*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-560

———————————————————

Before WIENER, WILLETT, and HO, *Circuit Judges*.

No. 24-40286

Per Curiam:[*]

Steven Baughman, a Texas state prisoner, sued Texas state agencies and several Texas Department of Criminal Justice (TDCJ) officials, alleging multiple violations of the Constitution, the Americans with Disabilities Act (ADA), and the Rehabilitation Act of 1973 (RA). The district court dismissed some of Baughman's claims for failure to state a claim and granted summary judgment to Defendants for the remaining claims. We affirm.

## I.

Baughman's claims arise from his confinement at TDCJ Powledge Unit (Powledge) from 2019 to 2022. Powledge is a medical facility that houses geriatric, disabled, or chronically ill prisoners. Baughman argues that he is disabled due to his morbid obesity and related conditions, including cellulitis and diabetes.

The dormitories at Powledge lack air conditioning, and Baughman alleges he and other Powledge prisoners faced a substantial risk of serious medical harm from extreme heat, particularly those with heat-sensitive health conditions.

Powledge also only allows one wheelchair-bound prisoner at a time in its medical department waiting room. Baughman argues that this policy systematically discriminates against disabled prisoners. He alleges that in March and September 2019, in part because of this policy, Defendants denied him access to his scheduled medical appointments for his cellulitis and insulin. He alleges this delay exacerbated his illnesses, though he tacitly admits—and medical records show—he ultimately received treatment for each missed appointment.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Powledge also maintains an administrative segregation area for quarantining sick prisoners. The showers in that area contain shower benches, but they are not fully wheelchair accessible. Baughman asserts that this denies disabled prisoners the ability to shower because the facilities do not have the shower hoses and adjustable shower heads needed for the water to reach the bench.

Baughman was confined to administrative segregation for eight days due to a positive COVID-19 diagnosis. He alleges that he was unable to maintain his hygiene because his alleged disabilities prevented him from standing to use the shower. The record indicates there was running water suitable for sponge baths, but Baughman filed a grievance alleging insufficient water to wash with or drink at the time. But he never asked for a shower pass—which would have given him access to an ADA shower—to accommodate his needs during that time.

In addition to these policy-based issues, Baughman alleges several instances of staff misconduct. First, he alleges that after he filed a grievance against Defendant Poe, she denied him a non-pork alternative meal option, wrote him up for being "out of place," and he was then found guilty of a disciplinary infraction, resulting in fifteen days of commissary restriction. This disciplinary action was ultimately overturned and expunged. Second, Baughman pleads that Defendant Bingham bound him in normal-sized handcuffs while taking him to medical treatments on several occasions, resulting in severe pain and nerve damage. Medical records show that Baughman has gout but do not indicate nerve damage. Third, he claims that Defendants Clakley, Bowman, and Collier confiscated and damaged his LeBron James Special Edition tennis shoes, valued at $250–$300.

Baughman sued pro se, claiming that Defendants violated the Eighth, Fifth, First, and Fourteenth Amendments as well as the ADA and RA.

A magistrate judge ordered Texas to prepare a *Martinez* report covering Baughman's medical conditions, wheelchair access at Powledge, the handcuffing incidents, the alleged nerve damage, and exposure to excessive heat.

The magistrate judge recommended that Baughman's deliberate indifference to his serious medical needs, retaliation, and property claims be dismissed for failure to state a claim. The district court adopted the recommendation and dismissed the claims with prejudice.

Defendants then moved for summary judgment, raising arguments including immunity, the unavailability of compensatory damages under the Prison Litigation Reform Act (PLRA) without physical injury, and standing. They also argued that the *Martinez* report and record show no violation of the law.

The magistrate judge recommended granting Defendants' motion and dismissing all remaining claims. The district court adopted the report, awarded summary judgment, and dismissed all claims.

Baughman appealed.

## II.

The Defendants first raise three jurisdictional arguments: (1) Institutional Defendants—Texas Board of Criminal Justice (TBCJ) and TDCJ—are immune under the Eleventh Amendment from Baughman's § 1983 claims; (2) sovereign immunity and *Ex Parte Young* preclude Baughman's § 1983 claims against the Individual Defendants in their official

capacity; and (3) Baughman lacks standing to seek injunctive relief against the Individual Defendants because he is no longer held in the Powledge Unit.[1]

Baughman does not respond to these arguments. "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (per curiam) (citation omitted). Accordingly, Baughman forfeited these issues. So we affirm the dismissal of Baughman's § 1983 claims against the Institutional Defendants, the monetary damages claims against the Individual Defendants in their official capacity, and the claims for prospective and declaratory relief under § 1983 and the ADA/RA.

## III.

Turning to the merits, we consider the dismissal of Baughman's Eighth Amendment, ADA/RA, and Due Process claims in turn.[2]

We review grants of summary judgment de novo and apply the same standards on appeal as the district court, viewing all evidence in the light most favorable to the nonmoving party. *See Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* But if record

---

[1] Defendants raised their Eleventh Amendment defense for the first time on appeal. But "sovereign immunity is jurisdictional," and "a lack of subject matter jurisdiction may be raised at any time." *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) (cleaned up).

[2] Baughman initially brought retaliation claims under the First, Fifth, and Fourteenth Amendments. On appeal, he mentions the retaliation claims in his statement of facts, but he does not brief any challenge to their dismissal. These issues are forfeited, and the district court is affirmed. *See Price*, 846 F.2d at 1028.

evidence clearly contradicts the plaintiff's allegations, a court "should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In reviewing whether a district court properly dismissed a prisoner's complaint for failure to state a claim, we apply the same standard as dismissals under Rule 12(b)(6). *See Davis v. Lumpkin*, 35 F.4th 958, 962 (5th Cir. 2022). We construe a pro se litigant's pleadings and arguments liberally. *See id.* And where a pro se litigant's allegations conflict with a *Martinez* report, we accept the plaintiff's allegations as true, not the record in the report. *See id.* at 964.

## A.

Baughman raises three distinct Eighth Amendment claims. First, he argues that Defendants were deliberately indifferent to his serious medical needs, specifically by delaying his medical care due to the wheelchair policy. Second, he contends that Defendants maintained unconstitutional conditions of confinement due to the excessive heat he experienced. Third, he claims that Defendant Bingham repeatedly used excessive force by placing him in tight handcuffs.

The district court dismissed his deliberate indifference and excessive force claims with prejudice and awarded summary judgment on his heat claim. We take each in turn.

Prisoners state a cognizable injury under the Eighth Amendment when they demonstrate that a prison official was deliberately indifferent to their medical needs. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

"A prison official acts with deliberate indifference only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he

disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (cleaned up).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346.

Baughman's deliberate indifference complaints largely amount to disagreements with the timing of his medical care. His complaint tacitly admits—and the record confirms—that he received care, just later than desired. The district court did not err in dismissing this claim.

His conditions of confinement claim fares no better. He argues that Defendants chose "to expose [him] and other prisoners to the high apparent temperatures inside the housing areas, and unnecessarily and wantonly caused [him] pain, suffering and mental anguish," which he insists is an "unreasonable risk to [his] future health."

To state an Eighth Amendment challenge to the conditions of confinement, the prisoner must satisfy two prongs. First, the prisoner must show that he faced "conditions so dire as to deprive him of the minimal civilized measure of life's necessities." *LaVergne v. Stutes*, 82 F.4th 433, 437 (5th Cir. 2023) (cleaned up). Second, he must show "that the responsible prison officials were 'deliberately indifferent' to [his] health or safety." *Id*. But conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true. *See DeMarco v. Davis*, 914 F.3d 383, 386–87 (5th Cir. 2019).

Baughman's claim fails on prong two. The uncontested summary judgment evidence showed that Defendants employ heat-mitigation

measures and procedures.  Even if Baughman believes those measures are insufficient, negligent, or amount to malpractice, that does not constitute deliberate indifference.  *See Gobert*, 463 F.3d at 346.

The district court did not err in awarding summary judgment.

Baughman's final Eighth Amendment claim is that Defendant Bingham repeatedly used excessive force by placing him in standard handcuffs instead of handcuffs appropriate for his weight and allegedly instructed other guards to do the same.  Allegedly, this caused him severe pain and nerve damage.  The magistrate judge concluded that Baughman's injury was no more than *de minimis* and pointed to evidence in the *Martinez* report, which suggested that Baughman has gout, not nerve damage.  The district court agreed and dismissed the claim with prejudice, concluding that "[w]ithout more, tight handcuffing does not establish a constitutional violation for excessive force."  We agree.

An excessive-force claim turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Nothing in the record shows that Defendant Bingham acted sadistically or maliciously to cause Baughman harm.  Negligently handcuffing a prisoner too tightly, even when it causes severe pain, is insufficient to support an Eighth Amendment claim.  *See Wesson v. Oglesby*, 910 F.2d 278, 283 (5th Cir. 1990) (holding careless handcuffing resulting in swollen and bleeding wrists does not support an excessive force claim).  We thus conclude that dismissal of Baughman's excessive force claim was proper.

## B.

Baughman's ADA/RA failure to accommodate and intentional discrimination claims largely overlap with his Eighth Amendment deliberate

indifference claims.    He alleges disability discrimination based on (1) exposure to extreme heat; (2) denial of medical care by the wheelchair rule; and (3) denial of wheelchair-accessible showers.

We evaluate ADA and RA claims "under the same legal standards, and the same remedies are available under both Acts." *Valentine v. Collier*, 993 F.3d 270, 289 (5th Cir. 2021) (citation omitted).

To recover compensatory damages under the ADA, "a plaintiff must also prove that the discrimination was intentional." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020).   The plaintiff must show

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Valentine*, 993 F.3d at 289 (citation omitted).

Baughman's delay of care claim fails because "the ADA is not violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." *Hale v. Harrison Cnty. Bd. of Supervisors*, 8 F.4th 399, 404 n.† (5th Cir. 2021) (citation omitted).   And he tacitly admits he later received care.

The heat exposure claim fails because Baughman alleges no facts showing he was uniquely exposed to heat.   He merely claims his disability makes him more sensitive to heat, not that he was treated differently.   Being "treated the same as 'everybody'" is a fatal admission to an ADA claim.  *Id.* (citing *Providence Behavior Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 459 (5th Cir. 2018)).

No. 24-40286

Similarly, Baughman was provided the same showering facilities as any other inmate in quarantine. Accordingly, this claim fails too. *Id.*

## C.

Baughman's final claim is that he was deprived of his property without due process of law because Defendants Clakley, Bowman, and Collier confiscated and ruined his shoes. The district court dismissed his claim under the *Parratt/Hudson* doctrine. On appeal, Baughman does not challenge the court's application of *Parratt/Hudson*, but instead raises an inadequate administrative process argument. This issue is forfeited. *See Price*, 846 F.2d at 1028.

\* \* \*

We AFFIRM.