# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2026

Lyle W. Cayce
Clerk

———————

No. 25-40571
Summary Calendar

———————

Erwin Eugene Semien,

*Plaintiff—Appellant*,

*versus*

Jennifer L. Bergman, *Liberty County District Attorney*; City of Liberty; Liberty County; Liberty Police Department,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:24-CV-231

———————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Erwin Eugene Semien, pro se, appeals the dismissal of his civil rights complaint alleging various claims against Jennifer L. Bergman, Liberty County District Attorney, in her official and individual capacities; the City of Liberty, Texas; Liberty County; and the Liberty Police Department. As an initial matter, we hold that Semien has abandoned the following claims on

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40571

appeal: (1) his claims against the Liberty Police Department; (2) his state law claims for negligence and intentional infliction of emotional distress; and (3) his claim that he was entitled to compel a criminal prosecution against a private citizen. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

As to the remaining claims, we limit our de novo review to the contents of the complaint in the district court and do not consider the new facts alleged in Semien's briefs. *See Williams v. Integon Nat'l Ins. Co.*, 132 F.4th 801, 805 (5th Cir. 2025); *see also LaVergne v. Stutes*, 82 F.4th 433, 435 (5th Cir. 2023). We are unpersuaded by Semien's contention that he adequately alleged a protected property interest such that he stated a claim for conspiracy to deny him of due process under the Fourteenth Amendment. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760-68 (2005). Similarly, the complaint failed to allege any specific comparator such that it stated a claim for conspiracy to deny him equal protection of the laws under the Fourteenth Amendment. *See Rountree v. Dyson*, 892 F.3d 681, 685 & n.10 (5th Cir. 2018). Because we hold that Semien did not adequately allege the violation of a constitutional right, his remaining contentions are without merit. *See Kennedy v. City of Arlington*, 165 F.4th 937, 946 (5th Cir. 2026); *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997).

AFFIRMED.