IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-20094
Summary Calendar

TIMOTHY D WALLS

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; UNIVERSITY OF TEXAS
MEDICAL BRANCH; ABBAS KHOSHDEL; E GUTERREZ; GUY SMITH

Defendants-Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2986

---

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Timothy Walls, Texas prisoner # 777586, appeals the dismissal as frivolous and for failure to state a claim of his 42 U.S.C. § 1983 civil rights lawsuit. The district court's dismissal of Walls's complaint is reviewed de novo. See Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

Walls initially argues that the district court erred in dismissing his case without providing him the opportunity to amend his complaint or clarify his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims through a questionnaire or an evidentiary hearing. However, because Walls does not state on appeal what additional facts he would have included in an amended complaint, he has not shown that the district court abused its discretion in dismissing his complaint without giving him an opportunity to amend. See Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

Walls renews his argument that the appellees have been deliberately indifferent to his serious medical needs by refusing to surgically install a protective metal plate to cover a hole in his skull, in violation of the Eighth Amendment. The claim was properly dismissed. Assuming that the hole in his cranium is a serious medical need, Walls has not alleged the requisite official dereliction as he has neither asserted that he has been deliberately denied treatment with the intent to cause harm, nor has he alleged that he has in fact suffered any harm as a result. See Farmer v. Brennan, 511 U.S. 825, 839-41, 847 (1994); Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994). Walls's pleadings demonstrate that he has repeatedly been seen by unit physicians and specialists who have not found the installation of a skull plate to be necessary. His disagreement with the treatment he received does not give rise to a constitutional violation. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Walls now additionally asserts that he has been denied the surgery to install a protective plate because it is too expensive. Because this claim was raised for the first time in his postjudgment FED. R. CIV. P. 59(e) motion, this court will not consider it. See Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).

Walls's Eighth Amendment failure-to-protect claim, based on his fear that unnamed violent inmates will eventually harm him by wounding him through the unprotected hole in his skull, was properly dismissed. He has not shown that he is "incarcerated under conditions posing a substantial risk of serious harm" or that prison officials are deliberately indifferent to any need for protection. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citing

2

Farmer v. Brennan, 511 U.S. 825 (1994)); see also Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999) (applying 42 U.S.C. § 1997e(e), which bars recovery for a prisoner's emotional injury without a showing of physical injury).

To the extent Walls renews the separate claim that he has been discriminated against due to his disability, in violation of the Americans with Disabilities Act (ADA), the claim was likewise properly dismissed. The claim is not properly brought under the ADA; it is simply a restatement of the denial-of-medical-care claim discussed above. The ADA does not set out a standard of care for medical treatment. See, e.g., Buchanan v. Maine, 469 F.3d 158, 174 (1st Cir. 2006); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996).

The district court's judgment is affirmed. Walls's motions for the appointment of counsel and a medical expert are denied.

The district court's dismissal of Walls's complaint counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Walls is cautioned that if he accumulates three strikes, he may not proceed in forma pauperis unless he "is under imminent danger of serious physical injury." § 1915(g).

AFFIRMED; MOTIONS DENIED; SANCTION WARNING ISSUED.