# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40385

———————

Jewell Thomas,

*Plaintiff—Appellant*,

*versus*

Andrew Nino; Gage Rivas; Matthew Herrera; Elbert Holmes; Issac Kwarteng; Bryan Collier,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CV-252

———————————————————————

Before Ho, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jewell Thomas, a Texas prisoner, sued employees of the Texas Department of Criminal Justice ("TDCJ") for alleged violations of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). The district court adopted the magistrate

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

judge's recommendation that Thomas's claims be dismissed under the Prison Litigation Reform Act ("PLRA"). We affirm.

I.

Thomas arrived at the TDCJ's McConnell Unit on October 1, 2021. According to his complaint, Thomas suffers from various medical conditions, including diabetes, arthritis, chronic pain syndrome, and a lateral pelvic tilt. These conditions cause him constant pain and are worsened when he is handcuffed behind his back (rear cuffing) rather than in front with a belt (front cuffing). Thomas had a medical pass directing officials to cuff him in front only. The pass allowed Thomas to be front cuffed while being escorted to the diabetes clinic to receive his twice-daily insulin treatment.

The pass expired on June 24, 2022, however. On July 28, 2022, Officer Matthew Herrera rear cuffed Thomas's hands while escorting him to the clinic, despite Thomas's complaints. The resulting pain made Thomas fall. Captain Andrew Nino and Sergeant Gage Rivas then approached Thomas and refused to remove the cuffs. Nino instead told Thomas he could either get up and walk or get a wheelchair but be subject to a disciplinary action. Thomas chose to get up and walk. He was not able to receive his insulin that day, however, causing him symptoms of hyperglycemia, including blurred vision, excessive thirst, and frequent urination. He also claims to have suffered harm to his wrists, numbness, a temporary inability to write, as well as lingering lower neck, shoulder, back, hip, and knee pain. The following day, July 29, 2022, Thomas received a new medical pass from a TDCJ employee, Dr. Isaac Kwarteng, directing that his hands be front cuffed going forward.

Thomas subsequently filed a *pro se*, *in forma pauperis* complaint in the Southern District of Texas against several TDCJ employees, including Nino, Rivas, Herrera, and Kwarteng, alleging 42 U.S.C. § 1983 claims for

violations of the Eighth Amendment, claims under the ADA and RA, and civil conspiracy claims.

The magistrate judge held service of process, stayed discovery pending screening under 28 U.S.C. § 1915A and ordered Thomas to submit a more definite statement of his claims. After Thomas did so, the magistrate judge recommended the complaint be dismissed as frivolous and for failure to state a claim, pursuant to § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c). Thomas filed objections, but the district court overruled them and dismissed Thomas's complaint.

Thomas timely appealed the dismissal of his Eighth Amendment, ADA, and RA claims with respect to Nino, Rivas, Herrera, and Kwarteng.[1]

## II.

The PLRA requires dismissing a prisoner's civil rights complaint if it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915A(b)(1). We review a district court's dismissal under the PLRA *de novo*, using the same standard of review for a Rule 12(b)(6) dismissal. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *see* 28 U.S.C. §§ 1915(e), 1915A(b). The dismissal will be upheld if, taking all well-pled factual allegations as true, the plaintiff fails to state a facially plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). We review a district court's ruling that a case is frivolous for abuse of discretion. *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). A claim is frivolous if it lacks "any arguable basis in law or fact." *Samford*, 562 F.3d at 678 (citation omitted).

---

[1] Thomas concedes he has abandoned his claims against other officials.

No. 23-40385

## III.

## A.

We first address Thomas's Eighth Amendment excessive force claim against Herrera and the derivative claim for bystander liability against Nino and Rivas. The excessive force claim turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Such a claim may also be dismissed under the PLRA if a prisoner fails to make "a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Thomas claims the district court dismissed his claim on the latter ground by wrongly characterizing his injury as "*de minimis*." Although this *de minimis* principle finds support in our precedent, *see Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997), Thomas argues it has been superseded by *Wilkins v. Gaddy*, 559 U.S. 34 (2010). *See, e.g.*, *Buchanan v. Harris*, No. 20-20408, 2021 WL 4514694, at *2 (5th Cir. Oct. 1, 2021) (unpublished) (stating *Wilkins* "clarified that Eighth Amendment excessive-force claims do not hinge solely on the extent of the injury alleged").

We need not address that question, however, because the dismissal of Thomas's claim can be affirmed on other grounds. In addition to *de minimis* injury, the district court also dismissed the claim because Thomas failed to plausibly allege Herrera acted maliciously or sadistically in rear cuffing Thomas when he did not have a current medical pass. *See, e.g.*, *Wilkins*, 559 U.S. at 40 (in addition to actual assault, prisoner must also show assault "was carried out 'maliciously and sadistically'"); *Preston v. Hicks*, 721 Fed. App'x 342, 345 (5th Cir. 2018) (holding malicious and sadistic use of force must be plausibly alleged to survive dismissal of Eighth Amendment excessive force claim).

4

No. 23-40385

Thomas fails to explain why this was error. He argues only that there was no reason to handcuff him and that the handcuffs were not removed when they caused him pain. This fails to plausibly allege that Herrera acted maliciously and sadistically, especially since Thomas lacked a current medical pass and Thomas fails to allege that Herrera knew anything about his disability. Accordingly, his excessive force claim against Herrera was properly dismissed. *See, e.g.*, *Hamer v. Jones*, 364 Fed. App'x 119, 123 –24 (5th Cir. 2010) (dismissing excessive force claim under *Hudson* even "if the district court improperly characterized [prisoner's] injuries"). Thomas's bystander liability claims against Nino and Rivas, which were derivative of the excessive force claim, were also properly dismissed. *See, e.g.*, *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (discussing officer's "bystander liability" for failing to "take reasonable measures to protect a suspect from another officer's use of excessive force").

B.

We next address Thomas's Eighth Amendment deliberate indifference claim against Dr. Kwarteng. This claim requires a prisoner to prove (1) "objective exposure to a substantial risk of serious harm" and (2) that "prison officials acted or failed to act with deliberate indifference to that risk." *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). Finding Thomas failed to plausibly allege either prong with respect to Dr. Kwarteng, the district court dismissed his deliberate indifference claim.

On appeal, Thomas argues he met his pleading burden by alleging that Dr. Kwarteng's failure to renew his medical pass promptly after it expired caused him to suffer pain from the rear cuffing and to miss his insulin appointment on July 28. We disagree. As the magistrate judge noted, Thomas's medical pass was renewed on July 29, immediately after the July 28 event was brought to Dr. Kwarteng's attention. Thomas's claim amounts

to criticizing Dr. Kwarteng for not renewing his pass when it expired on July 24. Even assuming that constituted negligence, however, it does not amount to deliberate indifference. *See, e.g.*, *Gobert*, 463 F.3d at 346 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.") (citations omitted). Accordingly, the district court properly dismissed Thomas's deliberate indifference claim.

## C.

Finally, we address Thomas's ADA and RA claims against Nino, Rivas, and Kwarteng.[2] Such claims require showing: (1) "that [the plaintiff] has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018) (quoting *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (per curiam)).

The magistrate judge found Thomas alleged a qualifying disability for screening purposes but ruled his allegations failed under the other ADA/RA prongs. For instance, Thomas did not allege he was being denied the ability to access "any TDCJ program, service, or activity" due to his disability, nor that "he ever told any prison official" that his disability prevented him from accessing prison services. He alleged only that pain from the July 28 incident "impaired" his access to the clinic. But Thomas "fail[ed] to allege that he

---

[2] Thomas's ADA/RA claims against Herrera were dismissed because such claims cannot be brought against defendants in their individual capacities. *See, e.g.*, *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999). Thomas has not raised the issue of Herrera's dismissal on appeal, so we do not address it.

informed any prison official as much." Finally, Thomas's claim that Dr. Kwarteng should have renewed his expired medical pass earlier "merely reflect[s] [his] disagreement with his medical treatment, and not discrimination based on a disability." *See Walls v. Tex. Dep't of Crim. Just.*, 270 F. App'x 358, 359 (5th Cir. 2008) (ADA claim inappropriate to challenge standard of medical care).

On appeal, Thomas fails to show any reversible error as to those rulings. He merely repeats the argument that the rear cuffing caused him pain and made him miss his diabetes appointment. But Thomas does not explain how this one-time incident constituted "discrimination" against him "by reason of his disability." Thomas does not plausibly allege that Nino or Rivas knew anything about his disability, and, as noted, Dr. Kwarteng renewed his pass as soon as he learned about the incident. Accordingly, Thomas's ADA/RA claims were properly dismissed.

## IV.

The district court's judgment is AFFIRMED.[3]

---

[3] Thomas asks for another chance to clarify his factual allegations, but he identifies no basis for that relief. *See Delk v. Perkins*, No. 22-50547, 2022 WL 17713395, at *1 (5th Cir. Dec. 15, 2022) (denying prisoner second opportunity to amend complaint following dismissal under PLRA screening).